IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HOLSTEIN SUPPLY, INC.,

      Plaintiff,

v.                                Case No. 6:14-cv-1365-JTM-KGG

RICHARD MURPHY,

      Defendant.

**MEMORANDUM AND ORDER**

      Plaintiff Holstein Supply, Inc. seeks to enforce an employment contract against defendant Richard Murphy.  This matter is currently before the court on plaintiff's Motion to Remand the action to state court.  For the reasons stated below, plaintiff's motion is granted.

**I.       Factual and Procedural Background**

      On March 18, 2014, defendant entered into a work agreement with plaintiff whereby defendant agreed that, for an advance of $12,500 for relocation expenses, he would work for plaintiff for an additional three years.  Plaintiff now alleges that defendant did not fulfill the terms of this agreement and instead terminated his employment with plaintiff on August 11, 2014.

      On September 3, 2014, plaintiff filed a limited action against defendant in the District Court of Hamilton County, Kansas.  Dkt. 1-1, at 1.  Plaintiff sought repayment of a portion of the advance it had made to defendant in the amount of $10,763.88.  Dkt. 1-1, at 1.  The amount sought credited defendant for the five months that he worked for plaintiff.  Dkt. 1-1, at 1.  A

summons was served on defendant on September 19, 2014, which notified him that he was to appear for a hearing on September 29, 2014.  Dkt. 1-1, at 9.  Defendant failed to appear.  The state court subsequently issued a default judgment against defendant on October 1, 2014.  However, on October 20, 2014, defendant filed a "Supplemental Answer" and a "Motion to Resend [sic] Set Aside Journal Entry of Default Judgment."  Dkt 1-1, at 5.  A hearing was scheduled for November 13, 2014.  Dkt. 1-1, at 8.

Prior to the hearing, on November 3, 2014, defendant filed, pro se, a Notice of Removal in the United States District Court for the District of Kansas.  Dkt. 1.  Plaintiff filed the pending Motion to Remand on November 25, 2014, alleging that: (1) this court lacks subject matter jurisdiction, and (2) defendant's removal was untimely.  Dkt. 5.  Defendant did not file a response.

## II.     Legal Standard

"The district courts of the United States . . . are 'courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute.'"  *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "Except as otherwise provided . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court . . . ."  28 U.S.C. § 1441(a).  A court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal."  *Soule v. LMZ, LLC*, 2013 U.S. Dist. LEXIS 48470, at *4-5 (D. Kan. Apr. 2, 2013) (quoting *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)).

### III.    Legal Analysis

Plaintiff seeks remand on the ground that this court lacks subject matter jurisdiction over its claim.  As noted above, the federal district courts are courts of limited jurisdiction and possess only the power authorized by the Constitution and statute.  *See Exxon Mobil Corp.*, 545 U.S at 552.  "A civil action is removable *only if* plaintiffs could have originally brought the action in federal court." *Schmidt v. Groendyke Transp., Inc.*, 2008 U.S. Dist. LEXIS 45836, at *3 (D. Kan. May 18, 2008) (citing *Exxon Mobil Corp.*, 545 U.S. at 552) (emphasis added).  "There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331." *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).  Plaintiff's complaint fails to satisfy either of these bases.

#### A.  Diversity Jurisdiction

"A district court has original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different States." *Moore v. Chase*, 2014 U.S. Dist LEXIS 82778, at *5 (D. Kan. Jun. 18, 2014) (citing 28 U.S.C. § 1332(a)).  Here, there is no question that the parties are of diverse citizenship.  Plaintiff is a licensed Kansas corporation with its principal place of business in Syracuse, Kansas.  Dkt. 1-1, at 3.  Defendant is an individual residing in Springfield, Colorado.  Dkt. 1-1, at 3.  However, the amount in controversy is well below the required threshold to establish diversity jurisdiction, as plaintiff seeks only the remaining balance on the advance, $10,763.88.

Defendant alleges, for the first time in his Notice of Removal, damages in an amount greater than $75,000 for alleged civil rights violations, discrimination, health and safety violations, and equal rights violations.  Dkt. 1, at 1.  However, the court does not construe these

alleged monetary damages as "counterclaims" because the court is not aware of *any* causes of action that defendant has filed against plaintiff. *See Moore*, 2014 U.S. Dist. LEXIS 82778, at *9-10 (finding that defendant's attempt to bolster her amount in controversy allegations by adding "counterclaims" in her Notice of Removal were not counterclaims at all). The court determines the amount in controversy as of the date of the removal. *Id.* at *10 (citing *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970)). Here, the amount in controversy at the time of removal was only $10,763.88. Therefore, no diversity jurisdiction exists.

### B. Federal Question Jurisdiction

Federal question jurisdiction exists for those claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Stephenson v. Wheaton Van Lines, Inc.*, 240 F. Supp. 2d 1161, 1163 (D. Kan. 2002) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "Plaintiffs are the 'master of their claim' and 'may avoid federal jurisdiction by exclusive reliance on state law.'" *Id.* (quoting *Caterpillar Inc.*, 482 U.S. at 392).

However, even if state law creates a plaintiff's cause of action, the case may still "arise under" the laws of the United States if the "well-pleaded complaint establishes that [a plaintiff's] 'right to relief under state law requires resolution of a substantial question of federal law.'" *Id.* (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997)); *see also Nicodemus*, 318 F.3d at 1235 (holding that "[a] case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'").

4

In determining whether an action "arises under" federal law, this court may look only to the face of the complaint; "a *defense* which implicates a federal question is not considered part of [a] plaintiff's properly pleaded complaint." *Stephenson*, 240 F. Supp. 2d at 1163 (emphasis added). Likewise, "[i]t follows that a counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002).

Here, plaintiff's complaint clearly alleges only a claim for breach of contract. In general, claims of breach of contract "arise under state, rather than federal, law." *Landry v. Davis*, 2008 U.S. Dist. LEXIS 89608, at *5 (D. Kan. Oct. 31, 2008). There is nothing in the complaint to indicate that the claim requires resolution of a substantial question of federal law. Furthermore, defendant's attempt to somehow interject a question of federal law by raising issues of civil rights violations in his Notice of Removal cannot and does not save this court's jurisdiction. Therefore, this court finds that it lacks subject matter jurisdiction and remand is required.

Plaintiff requests an award of attorney's fees and costs incurred as a result of defendant's removal, pursuant to 28 U.S.C. § 1447(c), alleging that defendant lacked objectively reasonable grounds to believe that removal was proper. Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "In deciding whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal." *Heartland Cement Sales Co. v. Kashani*, 2011 U.S. Dist. LEXIS 29080, at *3-4 (D. Kan. Mar. 21, 2011) (quoting *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997)). The district court therefore has "wide discretion" in this matter. *See id.* at *4 (citing *Daleske v. Fairfield Cmtys., Inc.,* 17 F.3d 321, 325 (10th Cir. 1994)). For the reasons set forth in its determination that remand is required, this court

concludes that defendant lacked an objectively reasonable basis for seeking removal. Accordingly, the court finds that an award of costs and expenses is appropriate.

**IT IS THEREFORE ORDERED** this 29th day of December, 2014, that plaintiff's Motion to Remand (Dkt. 5) is hereby granted.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1447(c), defendant shall pay the just costs and actual expenses, including attorney's fees, which plaintiff incurred as a result of the improper removal.  Plaintiff shall submit a full accounting of its attorney's fees and costs within twenty (20) days of this Order.

<u>s/J. Thomas Marten</u>
J. Thomas Marten
Chief Judge