IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HOLSTEIN SUPPLY, INC.,

      Plaintiff,

v.                                       Case No. 6:14-cv-1365-JTM-KGG

RICHARD MURPHY,

      Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Holstein Supply, Inc. seeks to enforce an employment contract against defendant Richard Murphy.  On November 3, 2014, defendant, acting *pro se*, filed a Notice of Removal to the United States District Court for the District of Kansas (Dkt. 1).  On November 25, 2014, plaintiff filed a Motion to Remand (Dkt. 5).  This court granted plaintiff's motion on December 30, 2014 (Dkt. 7).  Included in plaintiff's Motion to Remand was a request for attorney's fees, pursuant to 28 U.S.C. § 1447(c).  In its order granting plaintiff's request to remand, this court also granted plaintiff's request for "just cost and actual expenses," including attorney's fees, and ordered plaintiff to submit, within twenty (20) days of its order, a full accounting of its attorney's fees and costs.  Plaintiff submitted this accounting on January 7, 2015, requesting $2,383.75 for attorney's fees (Dkt. 9).

**II.**      **Discussion**

Plaintiffs asks this court for an award of attorney's fees incurred as a result of the improper removal of this case, pursuant to 28 U.S.C. § 1447(c).  Section 1447(c) states, in

relevant part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the United States Supreme Court considered the policy behind § 1447(c).  In so doing, the Court noted that

> [t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources.  Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.  The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin*, 546 U.S. at 140.  The Court further noted that "[a]bsent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id*. at 141.

As this court noted in its Order remanding the case back to state court, defendant's removal of a case that solely involves state law contract issues was objectively unreasonable.  This unreasonable removal is cause enough in and of itself to justify payment of attorney's fees and costs.  Plaintiff further noted that defendant filed his Notice of Removal out of time (although the court did not consider this issue, given the lack of subject matter jurisdiction).  Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty (30) days "after receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which action or proceeding is based."  Here, state court records establish that defendant was served on September 19, 2014.  However, defendant did not seek to remove this case until November 4, 2014, well beyond the 30-day deadline.

The court gives some pause to the fact that defendant is proceeding *pro se*. Although a *pro se* litigant's pleadings should be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers (*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the status "does not relieve [a litigant] from complying with the court's procedural requirements." *Auld v. Value Place Prop. Mgmt., LLC*, 2010 U.S. Dist. LEXIS 14907, at *47 n.79 (D. Kan. Feb. 19, 2010) (citing *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006)).

In accordance with its Order of Remand, this court ordered plaintiff to submit an accounting of its attorney's fees, which plaintiff did on January 7, 2015. Dkt. 7. In response, defendant submitted an *answer* to plaintiff's Motion to Remand. Dkts. 12, 13. The court subsequently notified defendant that it could no longer entertain his answer, as it no longer had jurisdiction in this case, aside from the issue of attorney's fees. On January 26, 2015, defendant offered a brief alleging the good faith bases for his removal and requesting that this court deny plaintiff's request for attorney's fees and reconsider its remand. Dkt. 15.[1]

The court again notes that it no longer has jurisdiction in this case aside from the issue of attorney's fees. With regard to that issue, defendant requests that the court deny plaintiff's request because such requests are usually only granted "in cases of bad faith and frivolous motions." Dkt. 15. As noted above, "courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. Here, there was no objectively reasonable basis for defendant's removal to this court: at the time of the removal, the complaint merely alleged a breach of contract with an

---

[1] Defendant alleges that neither opposing counsel nor this court notified him that there was a deadline for his response to plaintiff's Motion to Remand. The address defendant provides for his own mailings matches that on file with the court. The court has not received any returned mail from defendant.

amount in controversy of $10,763.88.  As a general rule, claims of breach of contract "arise under state, rather than federal, law."  *Landry v. Davis*, 2008 U.S. Dist. LEXIS 89608, at *5 (D. Kan. Oct. 31, 2008).  Defendant now tries to point to issues of federal law, which he alleges are counterclaims.  However, defendant has never filed *any* counterclaims in this case.

Therefore, in light of these facts, and pursuant to 28 U.S.C. § 1447(c), plaintiff is entitled to its just costs and any actual expenses, including attorney's fees, incurred as a result of defendant's improper removal of this case.  Plaintiff's attached invoice states that its counsel spent 8.85 hours reviewing the notice of removal, drafting and revising the motion for remand, and conferring with its client.  Plaintiff's counsel states that their billing rate is $275 per hour. The court finds that this rate is reasonable for the Wichita market and counsel's level of experience.  The court also finds that counsel's time expenditure is reasonable and was incurred as the result of defendant's removal.  The court therefore awards plaintiff $2,383.75 in attorney's fees.  Plaintiff does not seek any other costs.

**IT IS THEREFORE ORDERED** this 5th  day of February, 2015, that plaintiff's Motion for Fees (Dkt. 9) is hereby granted in the amount of $2,383.75.

s/ J. Thomas Marten
J. Thomas Marten
Chief Judge

4